STEINMETZ v. METROPOLITAN EL. RY. CO. *et al.*

*(Superior Court of New York City, Special Term.   March 19, 1892.)*

1. ELEVATED RAILROADS—ABUTTING PROPERTY—INCREASE IN VALUES.

Property on Ninth avenue, in New York city, between 103d and 104th streets, a section devoted to market gardens in 1878, of the value then of $44,000, rose to the value of $140,000, in 1888, after the erection of an elevated railroad in the street on which the property abutted. It appeared that the increase in value was due to the presence of the elevated railroad. *Held,* that the property had suffered no damages to its fee value by reason of the construction and operation of the railroad, and that the owner was not entitled to an injunction against the operation of the road. *Bohm* v. *Railway Co.,* (N. Y. App.) 29 N. E. Rep. 802, followed.

2. SAME—EQUITABLE RELIEF—PAST DAMAGES.

The fact that, in an action to obtain such injunction, a referee was appointed, by consent, to hear and determine all the issues in the case, did not make it incumbent on him, in case the injunction was refused, to award a judgment for past damages.

3. SAME—DISPROPORTIONATE INCREASE IN VALUES.

The fact that neighboring property on parallel avenues and side streets had increased in greater proportion, in rental, as well as fee, value, than plaintiff's property, was no ground for relief, either at law or in equity.

Action by Elizabeth Steinmetz against the Metropolitan Elevated Railway Company and another. Complaint dismissed.

Before WILBUR LARREMORE, Referee.

*A. J. Skinner,* for plaintiff.   *Davies, Short & Townsend,* for defendants.

LARREMORE, R. This is an action for an injunction against the maintenance and operation of defendants' elevated railway, and incidentally demanding past damages. The premises in question are situated on the east side of Ninth avenue, between 103d and 104th streets, comprehending the whole block, except the lot and building on the south-east corner of 104th street and Ninth avenue. The plaintiff has rested her case, and defendants move for a dismissal of the complaint. I am of opinion that such motion must be granted, under the authority of *Bohm* v. *Railway Co.* and *Somers* v. *Same,* (N. Y. App.) 29 N. E. Rep. 802. It appears that prior to the erection of the elevated railroad, in 1878, the neighborhood in which the premises are situated was an unsettled portion of the city, devoted chiefly to market gardens, and that the only regular means of access with the thickly populated and business regions was by horse-car. A real-estate expert called by plaintiff testified that in 1878 the property was worth $5,000 to $7,000 for corners, and $3,000 to $5,000 for inside lots. Taking the highest figures of this estimate, the whole block was then worth $44,000. This same expert places the present value of the lots forming said block, in the aggregate, at from $97,000 to $100,000. The fact is shown that in 1888 the plaintiff actually paid $140,-000 for them as excavated lots. Plaintiff's experts testified to the great improvement of the west side of the city, and the general increase in fee and rental values since 1878. There can be no question, under the evidence, as to increase in value since 1878 of the premises in question, and I think it follows with equal certainty therefrom that the construction and operation of the road have materially contributed to such increase. This inference follows from comparing the conceded condition of the premises in 1878, without rapid transit, with its condition at present. Population has been attracted thither, and expensive residential buildings constructed, entirely transforming the region. Furthermore, there is in the case the evidence of two experts called by plaintiff, who testify, directly and without reservation, that the elevated railroad has been a material factor in the improvement and increase in value of the neighborhood. Even though expert evidence of this character has been declared improper by the court of appeals in decisions rendered since its admission in the present case, (*Roberts* v. *Railway Co.,* 28 N. E. Rep. 486; *Mortimer* v. *Railway Co.,* 29 N. E. Rep. 5,) it must be remem-

v.18N.Y.S.no.3—14

bered that here it was drawn from plaintiff's own witnesses on cross-examina-
tion, and was admitted without objection or exception. The only conclu-
sion, therefore, is that the value of plaintiff's property has materially
increased since the building of the road, and that it has so increased by reason
of said road. As such growth in value was partly due to rapid transit, the
inference is also inevitable that the property would not have increased more
than it has without the presence of the road. Under the authorities above
cited, and also *Brush* v. *Railway Co.*, in the special term of the court of
common pleas, (13 N. Y. Supp. 908,) since affirmed by the general term of
that court, (17 N. Y. Supp. 540,) I am of opinion that plaintiff's applica-
tion for equitable relief must be denied.

This, it seems to me, disposes of the entire action. The learned counsel
for plaintiff argues that, as the present referee was appointed, by consent, to
hear and determine all the issues, it is incumbent upon him to award a judg-
ment for past damages, even though an injunction is refused. I think this
position is untenable, especially in view of the recent decisions of the court
of appeals in *Lynch* v. *Railway Co.*, 29 N. E. Rep. 315, and *Shepard* v.
*Railway Co.*, 30 N. E. Rep. 187. Whatever confusion of view may have
existed heretofore, these decisions seem to establish authoritatively that an
action of the present character is one purely on the equity side of the court;
that the cause of action is simple and indivisible, and that the court can
entertain claims for past damages only as incidental to its equitable jurisdic-
tion, in order to afford complete relief. It seems to follow from this doc-
trine that, if the essential cause of action fail, the incidental concomitants
must go with it. This apparently was the view taken by PRYOR, J., in the
*Brush Case*, *supra*, in which, although past damages were demanded, the
complaint was absolutely dismissed.

I may say, however, on the merits of this application, that I do not per-
ceive how a claim for past rental damages could be allowed in the face of a
determination that the property has greatly increased in value since and
because of the building of the road. To reach rental damages and fee dam-
ages, respectively, the forms of remedy are quite distinct, the one being by
an ordinary action at law, and the other by an action in equity for an injunc-
tion. Nevertheless, the questions of rental damage and fee damage are inti-
mately related, and the same kind of proof is uniformly employed to prove
both. Increase in fee value and rental value is assumed to be so necessarily
connected that the latter is constantly resorted to by the courts as a means of
measuring the former. It is hardly conceivable that a piece of real estate
should show an absolute increase in fee value and an absolute decrease in
rental value, though its owner may have found difficulty in renting it for a
particular purpose. The evidence in the present case seems to me, as far as
it bears on the question at all, to show an increase in rental as well as fee
value since the building of the road. Prior to the coming of the elevated
railroad the property was presumably bringing no rent, or comparatively a
very small one. What such previous rental value was is not shown, but I
think it would be the only proper basis for comparison, if it were attempted
to separate the question of rental from fee value. The case is therefore bar-
ren of proof tending to show decrease in rental value because of the main-
tenance of the road. The buildings were constructed with the road in full
operation, and the erection of such buildings for occupation as residences was
made possible by the road. While there is always a general relation between
rental and fee value, the rental value of these tenements could not be accu-
rately determined until after they were finished and put on the market, which
was after the commencement of this action. The most that plaintiff's proof
establishes on this point is that the actual rental value is something less than
plaintiff's asking price when the flats were first opened. The rental value
has unquestionably increased since the building of the road, indeed has to a

large extent been created by it, and, under the doctrine of the *Bohm Case*, *supra*, I do not think that the fact that neighboring property on parallel avenues and side streets has increased in greater proportion in rental as well as fee value would entitle plaintiff to damages at law any more than in equity. The complaint must be dismissed for the reason that plaintiff's evidence does not establish *prima facie* any substantial injury to her property entitling her to an injunction.